IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| APRIL L. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demand |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| AMEDISYS TENNESSEE, L.L.C., also | ) | |
| known as AMEDISYS HOME HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### The Parties

1. Plaintiff April L. Miller ("Plaintiff") is a citizen and resident of Sumner County, Tennessee.

2. Defendant Amedisys Tennessee, L.L.C., a/k/a Amedisys Home Health ("Defendant") is a limited liability corporation, with its principal place of business at 5959 South Sherwood Forest Blvd., Baton Rouge, Louisiana 70816-6038. Defendant is listed with the Tennessee Secretary of State and authorized to transact business in the state of Tennessee. Its agent for service of process is CT Corporation, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

### Nature of the Action

3. This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pregnancy Discrimination Act of 1978 ("PDA"), as amended, to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Plaintiff,

1

who was adversely affected by such practices.

4. As alleged with more particularly below, Plaintiff contends that Defendant unlawfully discharged her from employment because of her sex (pregnancy), and replaced her with a non-pregnant employee.

**Jurisdiction and Venue**

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334(a).

6. Venue is proper in that the events described below occurred in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

7. At all times material to the allegations in the complaint, Plaintiff was a covered employee under the statutes referenced herein, and she was entitled to the protections afforded under Title VII and/or the PDA.

8. At all times material to the allegations in the complaint, Defendant employed the requisite number of employees under both Title VII and/or the PDA to be a covered employer for purposes of this action.

9. Within three (300) days of the discriminatory actions taken against Plaintiff by the Defendant as described herein, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"); Charge No. 494-2013-01267.

10. This complaint is being filed within ninety (90) days of Plaintiff's receipt of a Dismissal and Notice of Rights document issued by the EEOC.

**Factual Allegations**

11. Plaintiff is a 29 year old Caucasian female who resides with her husband and two children in Goodlettsville, Tennessee.

12. Plaintiff obtained an associate degree from Vol State Community College, which qualified her to work as an assistant to a physical therapist.

13. Plaintiff started employment with the Defendant in September 2009 as an assistant for a physical therapist where she work with patients in their homes.

14. Plaintiff worked in Defendant's East Nashville office until approximately 2011, when she moved to the North Nashville office located on Vantage Way.

15. Plaintiff earned approximately $32.00 per visit, and would see approximately 7 to 8 patients each day, when she started employment for the Defendant.

16. During the time of her employment with the Defendant, Plaintiff did not receive any disciplinary actions for her work performance.

17. When Plaintiff was terminated in May 2013, she earned approximately $34.00 per visit.

18. When Plaintiff transferred to the North Nashville office, there were six assistants and three physical therapists.

19. Defendant experienced a reorganization and reduction in its work force which caused one assistant to resign from the company, one assistant was laid off, and one assistant was force transferred to another location.

20. Upon information and belief, Defendant laid off one assistant and forced the transfer of the other assistant based on seniority, and length of service with the company. Plaintiff had more seniority than the three similarly-situated employees at that time.

21. After the reorganization outlined above, there were three assistants working with three physical therapists for the Defendant.

22. Plaintiff had greater seniority than Joseph Dearing, one of the physical therapy assistants employed by the Defendant. Plaintiff had less seniority than the other assistant, Glenn Thompson.

23. In January 2013, Plaintiff learned she was pregnant with her second child.

24. In January or February 2013, Plaintiff notified the Defendant that she was pregnant.

25. In February 2013, Plaintiff was placed on restrictions by her physician which limited her to five to six patients each day, and which the Defendant was able accommodate.

26. In May 2013, Defendant lost an insurance contract with HealthSpring, and as a result of the loss of the contract, it lost a number of patients to provide care and physical therapy services.

27. On or about May 10, 2013, Plaintiff was notified by John Ricks, Director of Operations, that Defendant had decided to "lay-off"and terminate her employment based on the loss of the health insurance contract with Healthspring.

28. At the time of the termination, Plaintiff had more seniority than Joseph Dearing, who was similarly situated to her in all respects, and who was retained by the Defendant for continued employment.

29. As a result of the termination, Plaintiff lost her salary and other job benefits.

30. Plaintiff was out of work from the time of termination by the Defendant to approximately February 2014, and as a result suffered lost wages and other damages, including pain, suffering and emotional distress.

## Cause of Action

### Count One - Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act of 1978

31. Plaintiff incorporates by reference the allegations in the above paragraphs.

32. Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or to limit, segregate, or classify its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2013).

33. Title VII defines "because of sex" and "on the basis of sex" to include pregnancy, childbirth, and related medical conditions. An employer may not – for any employment-related purpose, including the providing of fringe benefits – treat differently a woman affected by pregnancy, childbirth, and related medical conditions, as other persons not so affected, but similar in their ability or inability to work.

34. Defendant, by and through John Ricks, singled out Plaintiff for discriminatory treatment; *i.e.*, a lay off which amounted to job termination, based on her sex and pregnancy. Specifically, a similarly-situated male employee, Joseph Dearing, was treated more favorably and not terminated from the company, even though Plaintiff had more job seniority than Mr. Dearing. Defendant's action in singling out Plaintiff for termination was motivating in part because of her sex and pregnancy.

35. Plaintiff was the victim of Defendant's intentional discrimination based on her sex and pregnancy.

36. Defendant is liable to Plaintiff based on intentional sexual discrimination and/or her pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act of 1978, as amended.

## Claims for Damages

37. As a direct and proximate result of the actions of Defendant, Plaintiff is entitled to compensatory damages, including damages for emotional distress, loss of enjoyment of life, mental anguish, humiliation, embarrassment, loss of job benefits, and lost wages, along with all other statutory damages and penalties for claims under Title VII or the PDA, including attorney fees and expenses, for all of which the Defendant is liable.

## Prayer for Relief

**WHEREFORE,** Plaintiff sues the Defendant for intentional job discrimination under Title VII and/or the PDA, and respectfully prays for the following relief:

38. That Plaintiff recover an award for compensatory damages to be determined by the jury consisting of but not limited to all lost wages, lost benefits, and pre-judgment interest;

39. For further compensatory damages to be determined by the jury consisting of non-pecuniary losses, such as mental anguish, embarrassment, humiliation, and loss of enjoyment of life;

40. Front pay in an amount to be determined by the jury;

41. An award of punitive damages to be determined by the jury in an appropriate amount allowable by law;

42. An award of attorney fees and costs, including discretionary costs;

43. That a jury be empaneled to try the factual issues in this action; and

44. All further general and equitable relief to which Plaintiff may be entitled to receive based on the law and facts of this case.

**THE LAW OFFICE OF DAVID L. COOPER, P.C.**

s/David L. Cooper
**DAVID L. COOPER, B.P.R. No. 11445**

Third Avenue North Building
208 Third Avenue North
Suite 300
Nashville, TN 37201
(615) 256-1008

*Attorney for Plaintiff*